

FILED & JUDGMENT ENTERED
David E. Weich

May 03 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY R. DAVIS, ) | ORDER |
| SSN XXX-XX-4041, ) | Case No. 06-40082 |
| ) | (Chapter 13) |
| BETTY J. DAVIS, ) | |
| SSN XXX-XX-8184, ) | |
| ) | |
| Debtors. ) | |

THIS matter coming on for hearing on Friday, April 28, 2006, upon the Objection to Confirmation of Plan/Valuation of Secured Claim filed on March 22, 2006, by Ford Motor Credit Company (FMCC), secured creditor of Gary and Betty Davis (Debtors), the Court finds as follows:

FINDINGS OF FACT:

1. FMCC holds a security interest in a 2001 Ford Mustang 2Dr Coupe, vehicle identification number 1FAFP40431F146543 (the vehicle), pursuant to a North Carolina Simple Interest Vehicle Instalment Contract dated January 17, 2004 (the contract).

2. FMCC's lien is noted on the North Carolina Certificate of Title for the vehicle (the Title).

  3. Debtors initiated this Chapter 13 proceeding on or about February 21, 2006.

  4. The net balance owed on the account for the vehicle as of the bankruptcy filing, was $10,341.78, at 11.49% interest.

  5. Debtors initially crammed down the value of FMCC's secured claim in the Chapter 13 plan in the amount of $8,100.00, with the remaining balance unsecured.

  6. Since Debtors' vehicle was purchased less than 910 days before Debtors filed this case, FMCC objected to Debtors' cram down of the vehicle's value and requested that its claim be paid in full.

  7. Debtors requested that they be allowed to cram down the value of the vehicle since they previously leased the vehicle from FMCC and the original lease date was outside the 910 days.

## CONCLUSIONS OF LAW

Pursuant to the new Section 1325(a)(9) of the Code, if a creditor has a purchase money security interest, securing the debt that is the subject of the claim, the debt was incurred within the 910 days preceding the petition and the collateral is a motor vehicle for the personal use of the Debtor, then the value of the claim may not be crammed down and the debt must be paid in full. Because Debtors signed the contract within 910 days of the bankruptcy filing, and the contract was a new separate transaction from their prior lease with FMCC, FMCC's claim should be paid in full.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

  1. Debtors' plan shall include a fully secured claim for FMCC in the amount of $10,341.78 at the *Till* rate of interest, and

    2.    The Chapter 13 Trustee shall modify Debtors' plan accordingly.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |